[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE (104)
This is an action for medical malpractice brought in four counts against a physician and a hospital. It is alleged that plaintiff's decedent died as a result of defendants' actions.
The second and fourth counts are claims for loss of consortium.
Defendants have moved to strike the second and fourth CT Page 9296 counts claiming that they fail to state a claim upon which relief may be had since loss of consortium by a surviving spouse due to wrongful death of a marital partner was not recognized as a cause of action in this state at the time the action arose.
The present action arose prior to the enactment of General Statutes Section 52-555a.
The second and fourth counts properly plead claims for loss of consortium including antemortem and postmortem loss of consortium. A claim for antemortem loss of consortium is a recognized cause of action upon which relief can be granted. Hopson v. St. Mary's Hospital, 176 Conn. 485 (1979).
Since counts three and four encompass claims for both antemortem and postmortem loss of consortium, such counts state claims upon which relief can be granted. For this reason the motions to strike cannot be granted.
In denying the motion to strike it is not necessary to consider the legal sufficiency of the claim as it specifically relates to loss of postmortem consortium.
Accordingly, the motion to strike the second and fourth counts is denied.
Purtill, J.